UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF VIRGINIA

Harrisonburg Division


DARLA V. EDWARDS

     Plaintiff,

v.

JAMES MADISON UNIVERSITY

and

VIRGINIA ADVANCED STUDIES STRATEGIES, DBA

"VIRGINIA EDUCATION STRATEGIES"

("VES")

and

JENNIFER STEVENS

     Defendants.

Civil Action No.: 5:23-cv-74

CLERK'S OFFICE U.S. DISTRICT. COURT
AT ROANOKE, VA
FILED

JUN 2 3 2025

LAURA A. AUSTIN, CLERK
BY: _____
DEPUTY CLERK


**DECLARATION OF DARLA V. EDWARDS IN RESPONSE TO MOTION FOR LEAVE
TO WITHDRAW AS COUNSEL FOR PLAINTIFF**


1. I, Darla V. Edwards, Plaintiff, submit this declaration in response to the Motion for Leave to Withdraw as Counsel and supporting Memorandum filed by the law firm of Shelley Cupp Schulte, P.C., ("SCS"), state as follows:

**STATEMENT OF RELEVANT FACTS**

1. I retained SCS as my legal counsel on or about May 10, 2023.

2. Up until June 13, 2025, we maintained a professional and respectful relationship.

3. On June 13, 2025, a mediation session was held involving myself, my counsel, and opposing parties.

4. During the mediation, I was not provided with a copy of any of the documents that I was asked to sign. At no point was I given an opportunity to review the full contents of the agreement or retain a copy for my records during or immediately following the mediation.

5. I only received a full copy of the agreement after I requested it from SCS, who emailed it to me on June 15, 2025.

6. Upon reviewing the agreement, I became deeply concerned about several of the terms. I had not been given the opportunity to contribute to or negotiate the content of the agreement prior to being asked to sign it. It appeared that I had been excluded from critical parts of the process.

7. On June 16, 2025, I shared my concerns with SCS that I had serious issues with the agreement, "I have several concerns with the agreement that I would have addressed if I had been given the opportunity to read the agreement while we were at the mediation". I asked SCS if it would be possible to incorporate all of the revisions into the agreement because I had no opportunity to do this during the mediation. SCS informed me that he would reach out to opposing counsel to discuss this.

8. I informed SCS that I consulted with an independent attorney to better understand the implications of the agreement. This attorney made me aware of my right to revoke the agreement under the Older Workers Benefit Protection Act (OWBPA) within seven days by delivering a written revocation to the employer. I made SCS aware of my intention to revoke the entire agreement.

9. SCS strongly insisted that I move forward with the agreement. When I expressed that I could not agree with the terms and had chosen to revoke, SCS stated in an email to me on June 16, 2025, "if you blow this agreement up, all hell will break loose." This message was deeply distressing and made me feel that my concerns were being met with intimidation rather than professional guidance. A true and correct copy of this email is attached as Exhibit A.

10. Up to that point, SCS and I had worked very well together. The breakdown in our relationship occurred only after I expressed discomfort with the terms of the agreement and sought to exercise my rights.

11. One June 16, 2025, after realizing that I was quickly nearing the deadline to revoke the agreement, I used a professional courier to deliver a revocation letter to VES. A true and correct copy of the letter and delivery receipt is attached as Exhibit B. I did not agree with the settlement terms and wanted to ensure that I properly exercised my legal right to revoke the agreement before the deadline.

12. On June 18, 2025 at 5:58pm, I sent SCS an email explaining how extremely disappointed I was that SCS did not ensure that I understood the terms of the settlement agreement before I was asked to sign it. In that message, I also shared how pressured and uncomfortable it was when opposing counsel entered our mediation room and presented the signature page for me to sign, without me having seen or review the full agreement. A true and correct copy of this email is attached as Exhibit C.

13. On June 19, 2025, I emailed both SCS and opposing counsel to confirm that I had officially revoked the agreement, so there would be no confusion as to my position or the timing of my revocation. A true and correct copy of this email is attached as Exhibit D.

14. On June 19, 2025, as a follow up to my revocation letter sent to VES on June 16, 2025, I sent a supplement to my revocation letter to VES to specifically document the reasons why I was revoking the settlement agreement. I was very uncomfortable with the "inclusion of retaliatory terms that I believe were intended to penalize me for engaging in protected activity and asserting my rights under federal employment laws. A true and correct copy of the letter and delivery receipt is attached as Exhibit E.

15. On June 20, 2025, I asked SCS to file a motion for a brief continuance on my behalf so that I could have adequate time to identify and retain co-counsel. Given the concerns that arose following the mediation and the handling of the settlement documents, I believed it was in my best interest to have additional legal support. My request was not intended to postpone depositions or delay trial, as SCS stated in their motion. Rather, I hoped to bring in co-counsel to work alongside SCS, not to replace them, so that I would be fully protected moving forward. His characterization of my intentions is not accurate and does not reflect my actual communication. A true and correct copy of the June 20, 2025 email reflecting this request is attached as Exhibit F.

16. SCS was strongly against my decision to revoke the settlement agreement. In an additional communication to me on June 18, 2025 SCS states, "If you act against my advice, I will file a motion to be released as your council". A redacted excerpt of an email from June 18, 2025 is attached as Exhibit G to highlight the statement referenced.

17. On June 21, 2025, SCS informed me that they intended to submit, or had submitted, a motion for continuance on my behalf. I made it clear that I did not authorize the content of that filing because I did not agree with the factual representations made in it. I have attached a true and correct copy of my written rebuttal as Exhibit H.

18. I did not violate any ethical expectation of the attorney-client relationship. I acted diligently to protect my legal rights, sought additional input when left uncertain, and communicated openly with SCS throughout.

19. I respectfully ask the Court to consider this record in evaluating the motion to withdraw. I also request that I not be prejudiced in any upcoming deadlines or proceedings, and ask that I be granted a reasonable continuance to secure substitute counsel should the motion be granted.

**Right to Respond and Protect My Interests**

I respectfully submit this declaration in response to my attorney's Motion to Withdraw. As the Plaintiff in this matter, I believe it is necessary to provide the Court with factual background and context regarding recent developments.

I am aware that my attorney remains counsel of record until the Court rules otherwise. However, I am filing this in good faith to protect my rights and ensure that the record reflects my understanding and experience of the events that have occurred.

This submission is not intended to circumvent proper procedure, but rather to assist the Court in evaluating the Motion to Withdraw and any matters affecting the fairness of the proceedings. I have taken care to notify both my attorney and opposing counsel in accordance with Rule 5 of the Federal Rules of Procedure and have included a Certificate of Service as required.


I declare under the penalty of perjury that the foregoing is true and correct.


Date: June 23, 2025

Signature: _Carla V. Edwards_

318 Walt Whitman Ave

Newport News, VA 23606

(434) 851-3093

dedwards3013@gmail.com

**EXHIBIT A – Email to Plaintiff about agreement (June 16, 2025)**

 Gmail                                          **Darla E <dedwards3013@gmail.com>**

---

**urgent - agreement**

---

**Tim Schulte** <schulte@scs-work.com>                          Mon, Jun 16, 2025 at 1:29 PM
To: Darla E <dedwards3013@gmail.com>

If you blow this agreement up, all hell will break loose.


Get Outlook for iOS

---

**From:** Darla E <dedwards3013@gmail.com>
**Sent:** Monday, June 16, 2025 1:26:13 PM
**To:** Tim Schulte <schulte@scs-work.com>
**Subject:** Re: urgent - agreement

[Quoted text hidden]

**EXHIBIT B – Revocation Letter Delivered to VES via courier and receipts (June 16, 2025)**

June 16, 2025

Darla Edwards
318 Walt Whitman Ave
Newport News, VA 23606

*Sent Via Courier*

To: Virginia Ed Strategies
c/o Jennifer Stevens
1100 Confroy Dr.  Box 16
South Boston, VA 24592

RE:  Revocation of Settlement Agreement Under OWBPA

Dear Mrs. Stevens,

This letter serves as formal notice that I hereby revoke my acceptance of the settlement
agreement. Pursuant to the Age Discrimination in Employment Act and the Older Workers
Benefit Protection Act (OWBPA), I revoke my acceptance of the full settlement agreement that I
signed on June 13, 2025.

This revocation is being delivered within the 7 day statutory period following my execution of
the agreement and therefore, the entire agreement is null and void and of no further effect.

Please update your records to reflect this revocation.  If you require confirmation of delivery, I
can be reached at the contact information above.

Sincerely,

*Darla V. Edwards*

Darla V. Edwards

 Gmail

**Darla E <dedwards3013@gmail.com>**

## Order Successfully Delivered: Envelope
1 message

**noreply@senpex.com** <noreply@senpex.com>                                      Wed, Jun 18, 2025 at 11:41 AM
To: dedwards3013@gmail.com

Dear Darla Edwards,

Thank you for using Senpex!

Remember, our platform is boundless and we are capable of transporting anything from place-to-place because we are the only client first platform in the market.

We prioritize our clients over our profit.

Order name: Envelope
Order price: $359.88

Click here to see the details of your order:
https://web.senpex.com/customer/order/935173

And, please dont forget to rate your courier at the url below or on your smartphone app.

Thank you,
The Senpex Team

**EXHIBIT C – Email from Plaintiff to Attorney (June 18, 2025)**

 Gmail                                                    **Darla E <dedwards3013@gmail.com>**

---

**updates to agreement**

---

**Darla E <dedwards3013@gmail.com>**                                    Wed, Jun 18, 2025 at 5:58 PM
To: Tim Schulte <schulte@scs-work.com>

Tim,

I am just disappointed that you allowed this to happen without ensuring that I completely understood the terms. I did not have the opportunity to read the documents and when Heidi came in with the signature page and waited there, I felt even more rushed. I apologize if you perceived me to be rude, but I put my trust in you and expected you to have my best interest in mind. This agreement was definitely not in my best interest and would have made things much worse. I hope that you can understand my perspective.

[Quoted text hidden]

**EXHIBIT D – Email to Counsel and Opposing Counsel (June 19, 2025)**

 Gmail

Darla E <dedwards3013@gmail.com>

---

**Revocation of Settlement Agreement**
1 message

---

**Darla E <dedwards3013@gmail.com>**
To: Tim Schulte <schulte@scs-work.com>
Bcc: Darla E <dedwards3013@gmail.com>

Thu, Jun 19, 2025 at 12:06 AM

Tim,

I am writing to confirm that I have exercised my right to revoke the settlement agreement under the 7-day revocation period / Older Workers Benefit Protection Act, and that the written notice of revocation was delivered to VES, Jennifer Stevens at the address indicated in the agreement on June 18th, within the required timeframe. I have retained proof of delivery from the courier for my records.

At this point, I understand that the settlement agreement is null and void and should no longer be considered binding. I am requesting written acknowledgment from you that this revocation has been noted, and that no further steps will be taken to execute or finalize the settlement terms on my behalf.

I would also like to discuss the next steps regarding my case. Please advise on the following:

The current procedural status now that the agreement has been revoked

Any immediate filings or court deadlines that must be addressed

I know you do not wish to stay as councel on the case so we can discuss transition plans.

Please confirm receipt of this message and let me know when we can schedule a time to discuss the way forward.

Thank you for your continued support.

Sincerely,

Darla

 **Gmail**

Darla E <dedwards3013@gmail.com>

---

**Timely Revocation of Settlement Agreement**

1 message

---

**Darla E** <dedwards3013@gmail.com>                                          Thu, Jun 19, 2025 at 1:07 AM
To: "hsiegmund@mcguirewoods.com" <hsiegmund@mcguirewoods.com>
Cc: Tim Schulte <schulte@scs-work.com>
Bcc: Darla E <dedwards3013@gmail.com>

Mrs. Siegmund,

I am writing to notify you that I have revoked my acceptance of the settlement agreement under the revocation period allowed by the Older Workers Benefit Protection Act / applicable provision. My written notice of revocation was delivered on June 18th by courier to the address specified in the agreement, within the required 7-day period. I can provide proof of delivery and my courier's information if needed.

This revocation is being provided for the record to ensure that no further action is taken to enforce or finalize the settlement agreement on my behalf.

Please direct any further communication regarding this matter to me directly or to Tim Schulte once confirmed.


Thanks,

Darla Edwards

**EXHIBIT E – Follow up Letter Delivered to VES via courier and receipts (June 19, 2025)**

June 19, 2025


Darla Edwards

318 Walt Whitman Ave

Newport News, Va 23606


Subject: Supplement to Revocation of Settlement Agreement


Dear Mrs. Stevens,

I am writing to supplement my earlier letter dated June 16, 2025, in which I exercised my right to revoke the settlement agreement signed on June 13, 2025, pursuant to the Older Workers Benefit Protection Act (OWBPA).

This supplemental letter is being submitted within the seven-day revocation window and is intended to reaffirm and clarify the basis for my revocation. Specifically, I am revoking my acceptance of the agreement due to:

- The inclusion of retaliatory terms that I believe were intended to penalize me for engaging in protected activity and asserting my rights under federal employment laws.
- The coercive environment in which the agreement was presented


These concerns call into question whether any waiver was knowing and voluntary, and as such, I reiterate that the settlement agreement signed on June 13, 2025 is **null and void.**


Sincerely,

*Darla V. Edwards*

Darla V. Edwards

 **Gmail**

Darla E <dedwards3013@gmail.com>

---

## Order Successfully Delivered: Letter for Virginia Ed Strategies
2 messages

---

**noreply@senpex.com** <noreply@senpex.com>                          Thu, Jun 19, 2025 at 1:37 PM
To: dedwards3013@gmail.com

Dear Darla Edwards,

Thank you for using Senpex!

Remember, our platform is boundless and we are capable of transporting anything from place-to-place because we are
the only client first platform in the market.

We prioritize our clients over our profit.

Order name: Letter for Virginia Ed Strategies
Order price: $366.07

Click here to see the details of your order:
https://web.senpex.com/customer/order/936847

And, please dont forget to rate your courier at the url below or on your smartphone app.

Thank you,
The Senpex Team

---

**Darla E** <dedwards3013@gmail.com>                                Sat, Jun 21, 2025 at 6:54 PM
To: Darla E <dedwards3013@gmail.com>

[Quoted text hidden]

**EXHIBIT F – Email requesting counsel to file motion of continuance (June 20, 2025)**

 Gmail

**Darla E <dedwards3013@gmail.com>**

---

## Co-counsel request
2 messages

---

**Darla E <dedwards3013@gmail.com>**                                              Fri, Jun 20, 2025 at 4:46 PM
To: Tim Schulte <schulte@scs-work.com>
Bcc: Darla E <dedwards3013@gmail.com>

Tim,

I hope this message finds you well. I am writing to respectfully request that you file a motion for a brief continuance on my behalf. This additional time would allow for co-counsel to be added and for a more thorough review of the case to ensure everything proceeds in a manner that fully protects my rights and interests.

I want to share a concern that has been weighing heavily on me since the mediation. During the session, I was presented only with a signature page and was not given the opportunity to review the full terms of the settlement agreement. At one point, opposing counsel entered the room and stood there waiting for me to sign the signature page, creating a pressured environment in which I felt I had no meaningful chance to ask questions or understand what I was being asked to sign.

I also did not receive a full explanation of the agreement's terms before signing. After mediation, I consulted with another attorney who reviewed the full document and identified several concerning provisions. Based on that advice, I revoked the agreement within the permitted time frame.

Given these circumstances, I believe it is in my best interest to seek additional legal support. Please know this is not meant to be adversarial or a sign of mistrust, but rather an effort to ensure I am as prepared and supported as possible moving forward.

If you are not comfortable filing the requested motion or proceeding with co-counsel involved, I understand and will respect your decision to withdraw. In that case, I simply ask that you notify the court appropriately and take steps to avoid any disruption to the case or potential prejudice.

Thank you for your time, continued efforts, and consideration.

Sincerely,

Darla

**EXHIBIT G – Email from Counsel, Tim Schulte (June 18, 2025)**

**(redacted to include only relevant portion)**

 Gmail

Darla E <dedwards3013@gmail.com>

**updates to agreement**

**Tim Schulte** <schulte@scs-work.com>
To: Darla E <dedwards3013@gmail.com>
Cc: Dyamond Jefferies Kerr <Dyamond@scs-work.com>

Wed, Jun 18, 2025 at 12:10 PM

Darla:



If you revoke the agreement, you will have to contact Heidi by Thursday. I remain convinced that this would be a huge mistake.

If you act against my advice, I will file a motion with the Court to be released as your counsel.

Please tell me when we can talk and discuss these things before you do anything else.

Best,

Tim

[Quoted text hidden]

**EXHIBIT H – REBUTTAL TO COUNSEL'S MOTION OF CONTINUANCE FILED ON
PLAINTIFF'S BEHALF (June 21, 2025)**

 **Gmail**

Darla E <dedwards3013@gmail.com>

---

## Motion Not Authorized

1 message

---

**Darla E** <dedwards3013@gmail.com>                                    Sun, Jun 22, 2025 at 8:01 AM
To: Tim Schulte <schulte@scs-work.com>

Tim,

I just reviewed your motion of continuance. I do not authorize you to file this motion of continuance on my behalf.  It
contains statements that I do not agree with.  You may not represent that I join or support the contents.  If you proceed
with this filing, please clearly state that you are submitting it **by counsel only not jointly with Plaintiff** and it does not
reflect Plaintiff's position.

Please confirm that you will either revise the language or refrain from filing on my behalf.

Sincerely,

Darla

 **Gmail**

## Clarification Regarding Future Filings
1 message

**Darla E** <dedwards3013@gmail.com>                                    Sun, Jun 22, 2025 at 8:33 AM
To: Tim Schulte <schulte@scs-work.com>

Tim,

I hope this message finds you well.  After reviewing the motion of continuance that you sent or plan to submit on my behalf, I noticed several inaccuracies and statements that do not reflect my position.  To avoid further misunderstanding, I respectfully request that no motions, pleadings, or other documents be submitted on my behalf without my prior review and written approval.  This includes the use of any phrasing that suggests I have joined or authorized the content of the filing, such as "on behalf of Plaintiff"

I appreciate your continued attention to this matter and ask that you confirm receipt of this request.

Sincerely,

Darla

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of June 2025, I filed the attached Declaration and Exhibits in person with the Clerk of the Court, and that a true and correct copy of the same is being sent via professional courier and U.S. Certified Mail with return receipt requested on this same date to the following recipients:

Shelley Cupp Schulte, PC
c/o- Tim Schulte
3 W Cary St
Richmond, VA 23220

McGuire Woods
c/o- Heidi Siegmund
Gateway Plaza
800 E Canal St
Richmond, VA 23219