UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF VIRGINIA

Harrisonburg Division

DARLA V. EDWARDS

                  Plaintiff,

v.

JAMES MADISON UNIVERSITY

and

VIRGINIA ADVANCED STUDY STRATEGIES, DBA "VIRGINIA EDUCATION STRATEGIES ("VES")

and

JENNIFER STEVENS

                  Defendants

Civil Action No.: 5:23-cv-74

CLERK'S OFFICE U.S. DISTRICT. COURT
AT ROANOKE, VA
FILED

JUN 24 2025

LAURA A. AUSTIN, CLERK
BY:
    DEPUTY CLERK

## SUPPLEMENTAL DECLARATION OF DARLA V. EDWARDS IN RESPONSE TO MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR PLAINTIFF

I, Darla V. Edwards, submit this supplemental declaration in response to the Motion for Leave to Withdraw as Counsel and supporting Memorandum filed by the law firm of Shelley Cupp Schulte, P.C., ("SCS"), to bring to the Court's attention several disturbing developments that have occurred since the filing of my declaration state as follows:

### STATEMENT OF RELEVANT FACTS

1. On June 23, 2025 after I filed my declaration, I was informed by one of my small business attorneys, Tricia Dunlap, that opposing counsel, Heidi Siegmund, had contacted her directly and emailed her a copy of the revoked settlement agreement. This communication was initiated without my knowledge, consent, or authorization. I did not instruct SCS/Schulte to share any information with opposing counsel regarding any third-party to the revoked settlement agreement, particularly not

for the purpose of discussing or reviving a settlement agreement that I had lawfully rejected. This act represents a serious breach of confidentiality and a violation of SCS/Schulte's ethical obligations under the Virginia Rules of Professional Conduct. A redacted excerpt of an email from my small business attorney on June 23, 2025 is attached as Exhibit I.

2. My follow up email on June 24, 2025 to my small business attorney informing her to notify me of any additional unauthorized contact by opposing counsel is attached as Exhibit J.

3. On June 23, 2025, after filing my declaration to the court, SCS/Schulte provided me with a completely revised version of the memorandum that he had originally intended to file. I was very confused that the narrative and some key facts in the revised memorandum had completely changed from the version he had previously sent to me. Specifically, in the first version of his memorandum, he omitted any reference to the date June 13, 2025. However, after reading my declaration, he now claims that June 13, 2025 is a "matter of significance". If the events of June 13, 2025, were truly as significant as he now asserts, it is unclear and troubling why they were entirely omitted from the original version of the memorandum he sent to me in advance of his filing. Additionally, in SCS/Schulte's original version, he included numerous references to "the document", a reference that has now been completely removed from the revised version submitted after my declaration. It appears that SCS/Schulte is now modifying his narrative and legal filings in reaction to the content of my declaration. A true and correct copy of Schulte's original motion he planned to file before seeing my declaration is attached as Exhibit K.

4. On June 23, 2025 at 2:42pm, I was contacted directly via text message by the mediator, Mark Rubin, in this case who stated: "I hear you have some concerns about the settlement agreement. I would like to see if I can be of help to work out concerns." This communication is both highly irregular and ethically problematic. It implies that SCS/Schulte failed to inform the mediator that I had already exercised my right to revoke the agreement within the legal timeframe, information that should have immediately ended any post-mediation settlement discussions. The fact that the mediator reached out to me after revocation is yet another indication that SCS/Schulte is continuing to act contrary to my instructions and in a manner that disregards my legal rights. A true and correct copy of the text message from the mediator, Mark Rubin, is attached as Exhibit K.

5. I respectfully submit that the events occurring after I filed my declaration on June 23, 2025, including my counsel's shifting narrative, reactive filings, the unauthorized communication by opposing counsel with a third party, and communication from the

mediator all reinforce a troubling pattern of behavior seemingly designed to suppress my objections and undermine my rights. These actions are particularly concerning in light of the Older Workers Benefit Protection Act (OWBPA), which I lawfully and timely revoked the settlement agreement. Rather than respecting that revocation, it now appears that SCS/Schulte may be making strategic decisions unilaterally and potentially engaging in continued discussions with opposing counsel and the mediator without my knowledge or consent in an effort to preserve or revive an agreement that I expressly rejected within the legal timeframe. This includes the unexplained outreach to one of my small business attorneys by opposing counsel, the sudden inclusion of previously omitted language and dates in my attorney's filings only after he had the opportunity to review my declaration, and contact from the mediator after I revoked the agreement. These developments raise serious concerns about ongoing, unauthorized efforts to pressure or misrepresent my position relating to the revoked settlement agreement.

6. I again request that the court take judicial notice of these recent developments and consider them in connection with my earlier filing.


I declare under penalty of perjury that the foregoing is true and correct. Executed on June 24, 2025.

Signature _(signature)_

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2025, I caused a true and correct copy of the foregoing Declaration of Darla V. Edwards and accompanying exhibits to be served upon the following counsel via certified mail:

Shelley Cupp Schulte, PC
c/o Tim Schulte
3 W Cary St
Richmond, VA 23220

McGuire Woods
c/o- Heidi Siegmund
Gateway Plaza
800 E Canal St
Richmond, VA 23219

**EXHIBIT I- Redacted Email from Third-Party Attorney Concerning Opposing Counsel's Unauthorized Communication and Contact [REDACTED- Attorney-client privileged material]**

M Gmail

Permission to speak to/ work with Heidi Seigmund

Tricia Dunlap <tdunlap@dunlaplawplc.com>
To: Darla Edwards <dedwards@...>

Darla Edwards <dedwards@s4udl.com>

Mon, Jun 23, 2025 at [time] PM

[body of email heavily redacted with black scribbles]

...I got a call from Heidi Seigmund, counsel for VES/ JMU. She asked if I had advised you. She... the settlement agreement. Of course, per attorney ethics, I responded that I could not say one way or another... She explained that you had revoked the settlement agreement.

[redacted]

Tricia Dunlap (she/her)
Managing Partner, Dunlap Law PLC
P: 804-203-7374
E: [redacted]@dunlaplawplc.com

**EXHIBIT J – Plaintiff email to Third-Party Counsel about Opposing Counsel's Unauthorized Contact**



Darla E <dedwards3013@gmail.com>

## following up on email from Heidi
1 message

**Darla E** <dedwards3013@gmail.com>  Tue, Jun 24, 2025 at 10:25 AM
To: tdunlap@dunlaplawplc.com

Tricia,

My attorney, Tim Schulte, and opposing counsel were well aware of my revocation of the settlement agreement within the period allowed under the Older Workers Benefit Protection Act (OWBPA). Therefore, there should have been no further communications regarding its terms or any efforts to negotiate or finalize it - especially with third parties.

Additionally, I want to note that I never provided either party with the name or contact information of any third-party that reviewed the agreement so I am unsure how or why opposing counsel made direct contact with you.

Please consider this written communication that such outreach was unauthorized. If opposing counsel makes further attempts to contact you about the revoked agreement, please notify me immediately.

Sincerely,

Darla

**EXHIBIT K- SCS/Schulte Original Memorandum Before Receiving Plaintiff's Declaration**

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | |
|---|---|
| DARLA V. EDWARDS | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: 5:23-cv-74 |
| | ) |
| JAMES MADISON UNIVERSITY, | ) |
| | ) |
| and | ) |
| | ) |
| VIRGINIA ADVANCED STUDIES STRATEGIES, DBA "VIRGINIA EDUCATION STRATEGIES" ("VES") | ) |
| | ) |
| and | ) |
| | ) |
| JENNIFER STEVENS, | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM IN SUPPORT OF
MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR PLAINTIFF

Tim Schulte, Timothy E. Cupp and Nicole D. Faut, and the law firm of Shelley Cupp Schulte, P.C., counsel of record for Plaintiff Darla V. Edwards, for their memorandum of Law in Support of Motion to Withdraw as Counsel for Plaintiff, state as follows:

STATEMENT OF RELEVANT FACTS

1.      The law firm of Shelley Cupp Schulte, P.C., ("SCS") has represented Edwards since May 10, 2023.

2. On December 4, 2023, Edwards, by counsel, filed a Complaint in the Western District of Virginia against Defendants, captioned *Darla V. Edwards v. James Madison University*, Case No. 5:23cv74 (W.D. Va.) (the "Action").

3. On February 19, 2024, Edwards, by counsel, filed an Amended Complaint and added two Defendants.

4. From May 10, 2023, until Friday, June 13, 2025, Edwards and her counsel regularly communicated about matters related to the Action, developed a legal strategy, and adjusted their strategy when new facts emerged.

5. On Monday, June 16, 2025, Edwards informed SCS that she had consulted with another attorney about recent developments in the Action. Edwards has refused to disclose the identity of this other attorney, but she informed SCS that her new attorney had discovered deep flaws in the way SCS had been representing Edwards.

6. Over the next several days, Edwards sent numerous instructions to SCS, based on her new attorney's analysis. Edwards' instructions were inconsistent.

7. On Monday, Edwards insisted on seven amendments to a document. With these amendments, Edwards instructed, she would permit SCS to send the document to Defendants' counsel.

8. At noon on Wednesday, June 18, 2025, however, Edwards reversed course. She now communicated that, based on the analysis made by her other attorney, she would "revoke" the document.

9. Fifty-three minutes later, Edwards reversed herself again, telling SCS if her modifications could be implemented, "then I see no problem with moving forward…"

2

10. The next day, June 19, 2025, at six minutes past midnight, Edwards reversed course again. She informed SCS that "had exercised her right to revoke" the document and had informed Defendants.

11. An hour later, at 1:08 in the morning, Edwards sent an email to VES' counsel Heidi Siegmund, revoking the document. She ended the email, "Please direct any further communication regarding this matter to me directly or to Tim Schulte once confirmed."

12. Later that day, Edwards instructed SCS to "file a motion of continuance asking the court to postpone depositions and trial date." Since then, Edwards has informed SCS that she is in the process of hiring another employment lawyer as co-counsel.

13. In her various emails and telephone calls, Edwards has insisted that her counsel Tim Schulte either lacks competence, has been disloyal, is not a litigator, and, because of his impaired hearing, is simply overwhelmed by the legal complexities of the case. She has also made it clear that she will hire new counsel despite Schulte's objection. Schulte told Edwards that he would not agree to any co-counsel arrangement in the Action.

## ARGUMENT AND AUTHORITY

Counsel of record shall not withdraw from any cause pending in the U.S. District Court for the Western District of Virginia, except with the Court's consent for good cause shown. W.D. Va. Gen. R. 6(i). This Court generally looks to the Virginia State Bar's Rules of Professional Conduct both to govern attorneys who are admitted to practice before it, *see* Order In Re: Local Rule IV(B) Federal Rules of Disciplinary Enforcement (W.D. Va. Nov. 6, 1998), and to decide whether an attorney of record should be allowed to withdraw from a pending case, *Schock v. S.C. Johnson & Sons, Inc.*, No. 6:06cv20, 2007 U.S. Dist. LEXIS 56725, at *3, 2007 WL 2405730, at *2 (W.D. Va. Aug. 2, 2007); *see also United States v. Bryant*, No. 3:04cr47-7, 2005 WL 8160794 (W.D. Va. Nov.

3

4, 2005) (Moon, J.). Additionally, the Court may consider whether "the attorney-client relationship ha[s] soured and the necessary foundation of trust and cooperation between an attorney and client," *Mt. Valley Pipeline, LLC v. 2.93 Acres of Land*, No. 7:19cv150, 2019 U.S. Dist. LEXIS 215824, 2019 WL 6833665, at *2 (W.D. Va. Dec. 13, 2019), is so far gone that the attorney can no longer advise or represent that client effectively. *See, e.g., Portsmouth Redev. & Hous. Auth. v. BMI Apartments Assocs.*, 851 F. Supp. 775, 786 n.10 (E.D. Va. 1994) (allowing counsel to withdraw based in part on the court's "concerns that relations between [attorney and client] have deteriorated to a point where a working relationship may not be possible"); *cf. Mt. Valley Pipeline, LLC*, 2019 U.S. Dist. LEXIS 215824, 2019 WL 6833665, at *2 (noting that a law firm "had just cause to withdraw as counsel" in such circumstances, "even though the court did not permit withdrawal initially"); *United States v. Darden*, No. 4:11cr52, 2011 U.S. Dist. LEXIS 164759, 2011 WL 13176251, at *1 (E.D. Va. Sept. 28, 2011) (granting court-appointed counsel's motion to withdraw from criminal matter where "counsel described the breakdown in the attorney-client relationship as extensive" and noted that this problem had "arisen because of [client's] loss of confidence in [attorney], and [client's] lack of trust in [attorney's] honesty and commitment to his client"). *Hubbard v. Holmes*, 2022 U.S. Dist. LEXIS 184148, *7-8 (W.D. Va. Oct. 7, 2022).

The attorney-client relationship between Edwards and Schulte has deteriorated to a point where a working relationship is not possible. It is clear that Edwards has lost all confidence in Schulte and his law firm. Edwards rejects advice from SCS and Schulte and reverses decisions made by her counsel of record when her other attorney so advises.

Counsel respectfully asks for leave to withdraw as Edwards' counsel.

Respectfully submitted,

*/s/ Tim Schulte*
Tim Schulte (VSB # 41881)

4

Shelley Cupp Schulte, P.C.
3 West Cary Street
Richmond, Virginia 23220
(804) 644-9700
(804) 278-9634 [fax]
schulte@scs-work.com

Timothy E. Cupp (VSB # 23017)
Nicole D. Faut (VSB # 95373)
Shelley Cupp Schulte, P.C.
1951-D Evelyn Byrd Avenue
Harrisonburg, VA 22801
(540)432-9988 Telephone
(804)278-9634 Facsimile
cupp@scs-work.com

*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of June 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send a true and correct copy to all counsel of record.

And I hereby certify that I will mail by U.S. mail and email the document to the following:

Darla Edwards
318 Walt Whitman Avenue
Newport News, VA 23606

*/s/ Tim Schulte*
Tim Schulte (VSB # 41881)

**EXHIBIT L – Text Message from Mediator to Plaintiff about Revoked Settlement Agreement**

Yesterday • 2:42 PM

RCS chat with (804) 241-9890

———————————— Unread ————————————

Darla. This is Mark Rubin the mediator of your case with VES and JMU. I tried to call but you were not available and your voicemail box is full. Please give me a call at 804-241-9890.
I hear you have some concerns about the settlement agreement. I would like to see if I can be of help to work on those concerns

I am tied up today from 4 to 5 but am otherwise available to talk. Thanks mark

2:42 PM

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2025, I caused a true and correct copy of the foregoing Declaration of Darla V. Edwards and accompanying exhibits to be served upon the following counsel via certified mail:


Shelley Cupp Schulte, PC
c/o Tim Schulte
3 W Cary St
Richmond, VA 23220


McGuire Woods
c/o- Heidi Siegmund
Gateway Plaza
800 E Canal St
Richmond, VA 23219