IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | |
|---|---|
| DARLA V. EDWARDS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 5:23-cv-00074 |
| | ) |
| JAMES MADISON UNIVERSITY, | ) |
| | ) |
| VIRGINIA ADVANCED STUDY | ) |
| STRATEGIES, INC., DBA "VIRGINIA | ) |
| EDUCATION STRATEGIES" ("VES") | ) |
| | ) |
| and | ) |
| | ) |
| JENNIFER STEVENS, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS VIRGINIA ADVANCED STUDY STRATEGIES, INC., AND JENNIFER STEVENS'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO WITHDRAW AND MOTIONS FOR CONTINUANCE**

Defendants Virginia Advanced Study Strategies, Inc., doing business as Virginia Ed Strategies ("VES"), and Jennifer Stevens ("Stevens" and, with VES, the "VES Defendants") submit as follows for their Response to Plaintiff/Counterclaim Defendant Darla V. Edwards' Motion for Continuance ("Mot. for Continuance") (ECF No. 80), Motion for Leave to Withdraw as Counsel ("Mot. to Withdraw") (ECF No. 82), and *Pro se* Motion for Continuance Based on Medical Hardship and Request for Judicial Protection ("*Pro se* Mot.") (ECF No. 87).[1]

---

[1] The VES Defendants incorporate by reference Defendant James Madison University's ("JMU") Response in Opposition to Plaintiff's Motions to Withdraw and for a Continuance (ECF No. 84) and Objection to Plaintiff's *Pro se* Motion (ECF No. 90), with the exception of JMU's request to deny the Motion to Withdraw.

1

## INTRODUCTION

On June 13, the parties engaged in a seven-hour settlement conference with an experienced, mutually agreed-upon mediator. At the conclusion of the conference, Plaintiff, in the presence of her counsel of record, willingly signed a global Settlement Agreement and Release ("the Agreement"). Days later, and against her counsel's advice, Plaintiff revoked the Agreement. Since then, she has made no effort to resolve her problems with the Agreement or even to share what her concerns are. Her counsel of record has now moved for leave to withdraw and for a continuance for an unspecified amount of time to allow Plaintiff to find replacement counsel. Plaintiff has also made numerous *pro se* filings, including a motion to continue this matter for 30 days due to her alleged mental health issues.

Although the VES Defendants do not oppose the Motion to Withdraw, the Motions for a Continuance should be denied. This matter was settled weeks ago, and Plaintiff has not provided any reason why it should not be put to bed. Even putting aside the issue of the settlement, written discovery is all but complete, and allowing Plaintiff more time to reopen discovery would be unfairly prejudicial to Defendants. Further, Plaintiff's unsupported requests to prohibit the Court from holding or even *scheduling* a hearing due to her medical issues should be denied. Plaintiff's own *pro se* filings clearly demonstrate that she is capable of fully participating in this case, and she has already had ample time to obtain replacement counsel.

## FACTUAL AND PROCEDURAL BACKGROUND

VES employed Plaintiff from August 2018 to January 2023. (VES's Counterclaim to 3d Am. Compl. ("VES Counterclaim") ¶¶ 3, 15 (ECF No. 75).) Throughout her employment, Plaintiff ran a competing business (Successful Innovations ("SI")), lied about that business to the VES Defendants, and stole VES's confidential and trade secret information. (*Id.* ¶ 3.) VES

2

terminated Plaintiff's employment in February 2023 not because of her race or because of any complaints about unfair treatment, but because of her irreconcilable conflict of interest and theft of VES's information. (*Id.*) In the weeks that followed, VES tried in vain to convince Plaintiff to return its equipment, which included laptops containing VES's information. (*Id.* ¶¶ 101–14.) Plaintiff refused and even filed a false police report claiming that the devices had been stolen. (*Id.*)

Rather than accept responsibility for the wrongdoing that led to her termination, Plaintiff filed her original Complaint on December 4, 2023. After extensive litigation, including motions to dismiss and a motion to amend, the operative complaint is now the Third Amended Complaint (ECF No. 71), in which Plaintiff alleges race discrimination and retaliation. VES denies these allegations and filed a Counterclaim, alleging misappropriation of trade secrets, conversion, fraud, breach of the fiduciary duty of loyalty, and unjust enrichment.

Discovery closes on July 18, 2025. The parties have already engaged in extensive written discovery, which is very near complete. The parties have not yet taken depositions. Instead, in the hopes of avoiding unnecessary costs and wasting judicial resources, the parties elected to engage in mediation. The parties eventually selected a mediator with decades of experience, who had previously worked with the law firms representing Plaintiff and the VES Defendants. On June 13, 2025, the parties attended the mediation with their counsel. The mediation lasted for seven hours. The parties agreed to a global resolution, which was memorialized in the Agreement. Plaintiff, the VES Defendants, and counsel for JMU signed the Agreement on June 13, 2025, and JMU's President signed the Agreement on June 16, 2025.

On June 16, 2025, Plaintiff served VES with a letter revoking her acceptance of the Agreement pursuant to the Age Discrimination in Employment Act ("ADEA") and Older Workers Benefits Protection Act ("OWBPA"), 29 U.S.C. § 626(f)(1)(F). Apparently, Plaintiff did so

3

against her counsel's advice. Counsel for the VES Defendants communicated with Plaintiff's counsel several times to understand Plaintiff's concerns about the Agreement and how to resolve them but did not gain any clarity. Further, counsel for the VES Defendants developed reason to believe that SI's attorney was advising Plaintiff about the Agreement.[2] As such, counsel for the VES Defendants reached out to SI's attorney to determine if she was the best point of contact regarding Plaintiff's concerns about the Agreement. At SI's attorney's request, counsel for the VES Defendants shared the Agreement with her.[3] Upon finding this out, Plaintiff prohibited SI's attorney from speaking to counsel for the VES Defendants. (ECF No. 87-11.)[4] The mediator also contacted Plaintiff to understand her concerns, but she refused to even speak with him. Thus, at every turn, Plaintiff has stonewalled. The VES Defendants still have no idea why Plaintiff wanted to revoke the Agreement.

On June 23, 2025, Plaintiff filed a *pro se* Declaration in Response to Motion for Leave to Withdraw as Counsel for Plaintiff, before her counsel filed any such motion ("June 23 Decl.") (ECF No. 79). In the Declaration, she requested that the Court "grant[] [her] a reasonable

---

[2] In fact, Plaintiff herself now admits that, before revoking the Agreement, she "consulted with an independent attorney" other than her counsel of record "to better understand the implications of the [A]greement." (June 23 Decl. 2, ¶ 8.)

[3] Plaintiff asserts that counsel for the VES Defendants violated Virginia Rule of Professional Conduct 4.2 by communicating with SI's attorney. (Pl.'s Combined Reply at 3, ¶ 7.) This Rule prohibits a lawyer from directly contacting a party the lawyer knows to be represented by another lawyer. Va. R. Prof. Conduct 4.2 ("[A] lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so."). Consistent with this rule, VES's counsel has always directed all communications to SI's and Ms. Edwards' counsel, as appropriate.

[4] The *Pro se* Motion includes two exhibits labeled "Exhibit A" and two exhibits labeled "Exhibit B." The second Exhibit B comes after Exhibit H. For ease of reference, the VES Defendants refer to the Exhibits to the *Pro se* Motion by their ECF numbers.

4

continuance to secure substitute counsel should [her attorney's motion for leave to withdraw] be granted." (June 23 Decl. at 4, ¶ 19.) Shortly thereafter, Plaintiff's counsel filed Motions for Leave to Withdraw and for a Continuance. The Motion for a Continuance also sought "a reasonable continuance to secure replacement counsel," but did not specify what a "reasonable" continuance might be. (Mem. Supp. Mot. for Continuance at 4 (ECF No. 83).) The next day, Plaintiff filed another *pro se* declaration, this time in response to her counsel's Motion for Leave to Withdraw ("June 24 Decl.") (ECF No. 85), in which she accused her counsel of "breach[ing confidentiality] and [violating their] ethical obligations under the Virginia Rules of Professional Conduct." (June 24 Decl. at 2, ¶ 1.)

Counsel for all parties attempted to schedule a remote hearing via Zoom on the Motions to Withdraw and for a Continuance. However, on June 26, Plaintiff filed a second, *pro se* Motion for a Continuance, in which she asserts she is suffering from mental health issues and requests that the Court "[t]emporarily stay all proceedings and deadlines for 30 days," not hold (or even schedule) any hearings without her "express consent and confirmed medical readiness," and allow her "to determine next steps regarding representation once medically stabilized." (*Pro se* Mot. at 2, ¶ 8.) She also requests that the Court "[p]ermit the submission of medical documents under seal, if necessary." (*Id.* at 3.) Additionally, Plaintiff filed, *pro se*, a "Notice to the Court Regarding Unauthorized Action by Counsel and Pending Motion for Continuance Based on Medical Hardship" (ECF No. 89), a "Combined Reply in Response to [JMU's] Opposition of Motion to Withdraw Counsel and [JMU's] Objection of Plaintiff's Motion for Continuance Based on

5

Medical Hardship" (ECF No. 91), and a "Motion to File Documents Under Seal and for In Camera Review" (ECF No. 92).[5]

## ARGUMENT

Although the VES Defendants disagree with Plaintiff's characterization of her counsel's actions regarding the Agreement, they do not oppose the Motion to Withdraw. However, the Court should deny Plaintiff's Motions for a Continuance. Continuances should be granted only when there is good cause, which does not exist here. *See NKR, Inc. v. Forestland Grp., LLC*, 2005 WL 1123629, at *3 (W.D. Va. May 2005).

First, Plaintiff has already had ample time to find a new attorney. Weeks have passed since the mediation that caused the rift between her and her counsel. In her filings, Plaintiff does not indicate that she has been making efforts to find a new attorney during this time, or that she taken any other steps to resolve her problems with the Agreement. Nor can she. She has refused to share her objections to the Agreement with the VES Defendants through her own counsel; she has prohibited SI's counsel from discussing the Agreement with counsel for the VES Defendants; and she refused to speak with the mediator. It also appears that she has been ignoring her attorney's

---

[5] In her Combined Reply, Plaintiff asserts that she signed the Agreement "under coercion" and that her disability was not properly accommodated during the mediation. (Combined Reply at 2–3, ¶¶ 5, 10.) However, Plaintiff never made the VES Defendants or their counsel aware of her need for any accommodations in the weeks leading up to the mediation or during the seven-hour mediation. Further, there are no concerns about fraud, duress, or coercion, as Plaintiff's counsel was present throughout the entirety of the mediation, including when she signed the Agreement.

6

recent attempts to communicate with her.[6] Simply put, Plaintiff offers no good reason why she needs a continuance or why the Agreement was not satisfactory.[7]

Second, the parties have been conducting written discovery for nearly nine months. Written discovery is now all but complete, and the parties have produced thousands of pages of documents. At this juncture, it would be unfairly prejudicial to the VES Defendants and a waste of judicial resources to delay the discovery process—and the eventual resolution of this case—any longer.[8]

Finally, there is no basis to delay hearing the pending motions. Plaintiff has provided no evidence to support her unsworn conclusion that she is medically unable to participate in this proceeding, and all available evidence implies the opposite. In her *pro se* Motion, Plaintiff claimed she would provide sworn declarations regarding the "medical . . . basis" for her request for a

---

[6] In an email to Judge Hoppe's Courtroom Deputy on June 26, Plaintiff's attorney explained that he had repeatedly attempted to contact Plaintiff through various means of communication over the course of multiple days, but she did not respond to him.

[7] The VES Defendants remain of the view that the mediated Agreement was fair and in the best interest of all parties and remain open to a dialogue with Plaintiff or her counsel about her concerns. However, in light of Plaintiff's refusal to engage with Defendants, the mediator, the Court, and even her own counsel, the VES Defendants have no choice but to oppose the requested continuance.

[8] Plaintiff's reliance on *RSZ Holdings AVV v. PDVSA Petroleo S.A.* in her counseled Motion for a Continuance is misplaced. (Mot. for Continuance at 2–3 (citing 506 F.3d 350 (4th Cir. 2007).) There, during a hearing, the district court permitted the appellant's counsel to withdraw and denied the appellant permission to proceed *pro se*. *RSZ*, 506 F.3d at 352. The appellant had previously moved for a continuance to find replacement counsel, but the district court ignored that motion. *Id.* Instead, it struck the appellant's *pro se* pleadings and confirmed an arbitration award in favor of the appellees. *Id.* The Fourth Circuit vacated and remanded, holding that the district court had "effectively . . . conduct[ed] an *ex parte* proceeding." *Id.* Here, by contrast, Plaintiff has already had weeks to resolve her problems with the Agreement and/or find replacement counsel. And if the Court grants the Motion to Withdraw and denies the Motions for a Continuance, discovery will simply continue. There is no concern that the Court will find itself deciding the merits of the case in an *ex parte* proceeding.

continuance, but she did not do so. (*Pro se* Mot. at 2, ¶ 3.) Instead, she attached the June 23 and 24 Declarations that she already filed, which do not even mention her medical issues, never mind explain why they should stop the Court from scheduling a hearing or would prevent her from attending one. (ECF No. 87-1 (June 23 Decl.); 87-10 (June 24 Decl.).)[9] Likewise, in her Motion to File Documents Under Seal, she asserts that she has been undergoing "specialized trauma therapy," and that, at some point, she communicated with a "provider" regarding "the impact of legal proceedings on [her] mental health." (Mot. to Seal at 2, ¶ 2.) Again, this filing does not shed any light on her need for a continuance.

What's more, Plaintiff's medical issues have not prevented her from participating in this case so far. Acting *pro se*, she has written and filed two declarations, two motions, a reply, a notice to the Court, and two amended certificates of service.[10] The exhibits attached to these filings show that she also has sent several emails to her counsel of record and SI's attorney over recent days. (*See* ECF Nos. 87-4, 87-5, 87-7, 87-9, 87-11, 87-12.) Her many *pro se* filings and communications

---

[9] Notably, Plaintiff has disclaimed compensatory damages, including damages for mental anguish and pain and suffering. (*Compare* Compl. Prayer for Relief ¶ B (seeking compensatory damages), *and* 2d Am. Compl. Prayer for Relief ¶ B (accord), *with* 3d Am. Compl. Prayer for Relief (not seeking compensatory damages).) Consequently, she has not produced any medical evidence.

[10] Notably, in Combined Reply, Plaintiff cites three cases, none of which stand for the proposition that she asserts. First, the quote she cites from *Olivieri v. Rodriguez* does not appear in that case. (*See* Combined Reply 2, ¶ 5 (claiming to quote 122 F.3d 406, 412 (7th Cir. 1997).) *Olivieri* does not even pertain to settlement agreements obtained by fraud or coercion. *Olivieri*, 122 F.3d at 407 (discussing whether police officer was denied due process because he was not granted a hearing before being fired). Second, *Robertson v. Las Animas County Sheriff's Department* concerns public entities' obligation under the Americans with Disabilities Act to provide meaningful access to programs and services, which is not at issue here. (*See* Combined Reply at 3, ¶ 10 (citing 500 F.3d 1185, 1196 (10th Cir. 2007).) Third, the quote from *Bircoll v. Miami-Dade County* is nowhere to be found in that case. (*See* Combined Reply at 4, ¶ 10 (claiming to quote 480 F.3d 1072 (11th Cir. 2007).) To be clear, the cases to which Plaintiff cites are real. However, the VES Defendants suspect that the purported quotations from *Olivieri* and *Bircoll* may be hallucinations from a generative artificial intelligence platform. Searches of both Westlaw and Lexis yield no case in any state or federal court with those quotations.

with her attorneys belie her assertion that she cannot attend a relatively short online hearing. And surely, a hearing and ruling on the Motion to Withdraw would only serve to reduce Plaintiff's "attorney related distress," (*Pro se* Mot. at 1), as such a hearing would clarify next steps in the case for all parties and mitigate against further waste of the parties' and the Court's resources. For these reasons, the VES Defendants request that the Court schedule a hearing on the Motions to for a Continuance and Motion to Withdraw as soon as possible, particularly in light of the upcoming discovery deadline on July 18.

## **CONCLUSION**

For the foregoing reasons, the VES Defendants do not object to the Motion for Leave to Withdraw (ECF No. 82) but request that the Court deny Plaintiff's Motions for a Continuance (ECF Nos. 80, 87.) Additionally, the VES Defendants request that the Court schedule a hearing on these Motions as soon as possible.

Dated:  July 1, 2025                                Respectfully submitted,

VIRGINIA ADVANCED STUDY
STRATEGIES, INC., DBA VIRGINIA
EDUCATION STRATEGIES

and

JENNIFER STEVENS

BY COUNSEL:

*/s/ Heidi E. Siegmund*
Heidi E. Siegmund (VSB No. 89569)
hsiegmund@mcguirewoods.com
Hannah R. Gourdie (VSB No. 96994)
hgourdie@mcguirewoods.com
**MCGUIREWOODS LLP**
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219-3916

Telephone: (804) 775-1000
Facsimile: (804) 775-1061

Carl A. Retzloff (VSB No. 97722)
cretzloff@mcguirewoods.com
**MCGUIREWOODS LLP**
World Trade Center
101 West Main Street, Ste 9000
Norfolk, Virginia 23510-1655
Telephone: (757) 640-3700
Facsimile : (757) 640-3701

## CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send a true and correct copy to all counsel of record.

/s/ *Heidi E. Siegmund*
Heidi E. Siegmund (VSB No. 89569)
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219-3916
Telephone: (804) 775-1000
Facsimile: (804) 775-1061
Email: hsiegmund@mcguirewoods.com

*Counsel for Defendants VES and Jennifer Stevens*